IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PINK LOTUS ENTERTAINMENT, LLC,

        Plaintiff,

    v.

JOHN DOE,

        Defendant.

No. 2:11-cv-03077 JAM KJN

ORDER

        Presently before the court is plaintiff's ex parte application for leave to take expedited discovery, which plaintiff filed on January 6, 2012. (App. for Expedited Discovery, Dkt. No. 8.) Plaintiff, Pink Lotus Entertainment, LLC ("plaintiff"), did not notice the ex parte application for hearing. The undersigned concludes that oral argument would not be of material assistance in resolving the application. Accordingly, the application will be decided on the papers submitted.[1]

        Through plaintiff's application for expedited discovery, plaintiff seeks permission to serve a discovery subpoena upon a third party named Jason Angle, the "account holder associated with" the Internet Protocol ("IP") address "68.107.86.6," which was allegedly used in

---

[1] This case was referred to the undersigned pursuant to Eastern District of California Local Rule 302(c)(1) and 28 U.S.C. § 636(b)(1).

1

1 connection with infringement upon plaintiff's copyrighted adult video entitled *Dexxxter*
2 ("Video"). Although plaintiff alleges that Mr. Angle is the "holder" of the account allegedly
3 used to infringe upon plaintiff's copywritten Video, plaintiff has not formally named Mr. Angle
4 as a defendant in this action because "the relationship between an account holder and infringer
5 can be imperfect." (Complaint, ("Compl.") ¶ 1; App. for Expedited Discovery at 9.) Instead,
6 plaintiff requests expedited discovery (in the form of deposing Mr. Angle as a third party),
7 purportedly to obtain the identities of the defendant(s) alleged to have used Mr. Angle's account
8 associated with IP address "68.107.86.6" to infringe on plaintiff's rights in regards to the Video.
9 (App. for Expedited Discovery at 1; see also Compl. ¶¶ 1-4, 19-37.)

10 The undersigned has considered plaintiff's application and, for the reasons stated
11 below, denies plaintiff's application to conduct limited early discovery pursuant to Federal Rule
12 of Civil Procedure 26(d)(1).

I.   BACKGROUND

14 On November 21, 2011, plaintiff filed a complaint for copyright infringement and
15 civil conspiracy against John Doe, an unnamed defendant.[2] (Dkt. No. 2.) Plaintiff is a producer
16 of adult entertainment content, and is alleged to be the exclusive holder of the relevant rights
17 with respect to the Video. (Compl. ¶¶ 3-4.) In the course of monitoring Internet-based
18 infringement of its copyrighted content, plaintiff's agents allegedly observed unlawful
19 reproduction and distribution of the Video occurring over a particular IP address via the Bit
20 Torrent file transfer protocol, the mechanics of which are further described in the Complaint.[3]

---

[2] The use of "Doe" defendants is generally disfavored. Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980). However, a plaintiff should be given an opportunity through discovery to identify such defendants where the identities of those defendants are not be known prior to the filing of a complaint, "unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds." Id.

[3] A magistrate judge in the Northern District of California summarized the BitTorrent protocol as follows:

2

(Compl. ¶¶ 5, 14-18, 22-24.) According to plaintiff, it has already determined that a person named Jason Angle ("Mr. Angle") is the account holder of the IP address involved. (App. for Expedited Discovery at 5.) According to plaintiff, Mr. Angle "and his attorneys have merely ignored all of Plaintiff's counsel's attempts to meet and confer" informally regarding the identity of the infringer. (Id. at 5 n.1; 9.)

Plaintiff now requests the court to authorize service of a third party deposition subpoena upon Mr. Angle. Plaintiff states that, in some cases, an account holder may be able to offer a credible explanation for why he or she is not the infringer and may be able to identify the actual infringer, such as another household member or tenant. (App. for Expedited Discovery at 5.) As such, plaintiff contends that it cannot proceed in the action without ascertaining the likely infringer's identity, and that Mr. Angle is the only person with information that can allow plaintiff to identify the actual infringer and permit service of process on that individual. (Id.)

II.   DISCUSSION

Federal Rule of Civil Procedure 26(d)(1) provides: "A party may not seek

---

> In the BitTorrent vernacular, individual downloaders/distributors of a particular file are called "peers." The group of peers involved in downloading/distributing a particular file is called a "swarm." A server which stores a list of peers in a swarm is called a "tracker." A computer program that implements the BitTorrent protocol is called a BitTorrent "client."
>
> The BitTorrent protocol operates as follows. First, a user locates a small "torrent" file. This file contains information about the files to be shared and about the tracker, the computer that coordinates the file distribution. Second, the user loads the torrent file into a BitTorrent client, which automatically attempts to connect to the tracker listed in the torrent file. Third, the tracker responds with a list of peers and the BitTorrent client connects to those peers to begin downloading data from and distributing data to the other peers in the swarm. When the download is complete, the BitTorrent client continues distributing data to the peers in the swarm until the user manually disconnects from the swarm or the BitTorrent client otherwise does the same.

Diabolic Video Prods., Inc. v. Does 1-2099, No. 10-CV-5865-PSG, 2011 WL 3100404, at *1-2 (N.D. Cal. May 31, 2011) (unpublished).

discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, *or by court order*" (emphasis added).  District courts within the Ninth Circuit have permitted expedited discovery prior to the Rule 26(f) conference upon a showing of "good cause."  E.g., In re Countrywide Fin. Corp. Derivative Litig., 542 F. Supp. 2d 1160, 1179 (C.D. Cal. 2008) (citing Semitool, Inc. v. Tokyo Electron Am., Inc., 208 F.R.D. 273 (N.D. Cal. 2002)); accord Am. LegalNet, Inc. v. Davis, 673 F. Supp. 2d 1063, 1066 (C.D. Cal. 2009). "Good cause exists where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." In re Countrywide, 542 F. Supp. 2d at 1179 (citation and internal quotation marks omitted); Semitool, Inc., 208 F.R.D. at 276.

          The court must perform the evaluation of the existence of "good cause" in light of "the entirety of the record . . . and the reasonableness of the request in light of all the surrounding circumstances." Semitool, Inc., 208 F.R.D. at 275 (citation & quotation marks omitted) (emphasis removed); Am. Legalnet, 673 F. Supp. 2d at 1067.  Judges in the Northern District of California have considered four factors derived from Columbia Ins. Co. v. Seescandy.com, 185 F.R.D. 573, 578-80 (N.D. Cal. 1999), in evaluating motions for permission to conduct early discovery to ascertain the identities of Doe defendants.  These judges have considered  "whether the plaintiff (1) identifies the Doe defendant with sufficient specificity that the court can determine that the defendant is a real person who can be sued in federal court, (2) recounts the steps taken to locate and identify the defendant, (3) demonstrates that the action can withstand a motion to dismiss, and (4) proves that the discovery is likely to lead to identifying information that will permit service of process." See MCGIP, LLC v. Does 1-149, 2011 WL 3607666, at *2 (citing Columbia Ins., 185 F.R.D. at 578-80).

          Good cause for expedited discovery is frequently found in cases involving claims of infringement and unfair competition or in cases where the plaintiff seeks a preliminary

4

injunction. Semitool, Inc., 208 F.R.D. at 276; Pod-Ners, LLC v. N. Feed & Bean of Lucerne Ltd. Liability Co., 204 F.R.D. 675, 676 (D. Colo. 2002).[4] Federal district courts in California have applied the test in Semitool and found good cause to allow limited expedited discovery to ascertain the identities of Doe defendants in copyright infringement actions. See e.g. UMG Recordings, Inc. v. Doe, No. C-08-03999 RMW, 2008 WL 4104207, at *1-3 (N.D. Cal. Sept. 4, 2008) (unpublished) (granting leave to take expedited discovery in the form of a Rule 45 subpoenas to obtain "documents that identify Defendant, including the name, current (and permanent) address and telephone number, e-mail address, and Media Access Control addresses for Defendant" John Doe); Arista Records LLC v. Does 1-43, No. 07cv2357-LAB (POR), 2007 WL 4538697, at *1-2 (S.D. Cal. Dec. 20, 2007) (unpublished) (granting leave to take expedited discovery in the form of a Rule 45 subpoena for documents that would reveal each Doe defendant's "true name, current and permanent addresses and telephone numbers, e-mail addresses, and Media Access Control addresses.").

In Arista Records LLC, the plaintiffs alleged that unidentified defendants had used an online media distribution system to download and distribute plaintiffs' copyrighted works to the public without permission. Arista Records LLC, 2007 WL 4538697, at *1. Because the plaintiffs were only able to identify each defendant by a unique internet protocol address assigned to that defendant, plaintiffs filed an ex parte application seeking leave to serve immediate discovery on a third-party internet service provider ("ISP") to identify the Doe defendants' true identities. Id. The court found good cause to allow expedited discovery based on the plaintiffs'

---

[4] In cases involving both requests for expedited discovery and requests for a permanent injunction, district courts have described the factors affecting the assessment of the reasonableness of a request for expedited discovery as including: "(1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made." Am. Legalnet, 673 F. Supp. 2d at 1067 (citation and quotation marks omitted). Even if the court grants a party expedited discovery, in the interests of justice, it may tailor its ruling to avoid "excessive or burdensome discovery." Id. (citation and quotation marks omitted).

5

1  prima facie showing of infringement, the risk that the ISP would not long preserve the
2  information sought, the narrow tailoring of the requests to the minimum amount of information
3  needed to identify the defendants without prejudicing their rights, and the fact that the expedited
4  discovery would substantially contribute to moving the case forward.  Id.  The court further noted
5  that, without such discovery, plaintiffs could not identify the Doe defendants and would not be
6  able to pursue their lawsuit to protect their copyrighted works from infringement.  Id.

7       Here, plaintiff has not demonstrated good cause for the expedited discovery
8  requested.  Unlike the plaintiffs in UMG Recordings, Inc. and Arista Records LLC, plaintiff has
9  *already discovered* the name and contact information of the account holder of the IP address
10  involved.  Therefore, assuming plaintiff has a good faith basis for its claims, plaintiff can name
11  Mr. Angle as a defendant and serve him with process.  Simply put, plaintiff has not shown that it
12  is unable to pursue its lawsuit to protect its copyrights absent expedited discovery.

13       Moreover, even if plaintiff were to establish good cause for the expedited
14  discovery requested, it is outweighed by the significant potential prejudice to the responding
15  party, Mr. Angle.  "Expedited discovery may be inappropriate where defendants are required to
16  unwarily incriminate themselves before they have a chance to review the facts of the case and to
17  retain counsel."  Pod-Ners, LLC, 204 F.R.D. at 676 (citations omitted).  To be sure, courts
18  frequently allow expedited discovery in copyright infringement cases involving peer-to-peer
19  ("P2P") networks to allow identification of Doe defendants.  But, the expedited discovery
20  requested is usually a narrowly tailored document subpoena upon a third party internet service
21  provider, which seeks the minimum amount of information needed to identify defendants, such
22  as names, addresses, phone numbers, and e-mail addresses of account holders associated with the
23  IP addresses.  See e.g. Diabolic Video, 2011 WL 3100404, at *4 (where complaint named 2,099
24  Doe defendants, court severed Does 2 through 2,099 and granted expedited discovery in the form
25  of "a Rule 45 subpoena" on a third party internet service provider, which would seek
26  "information sufficient to identify Doe 1, including the name, addresses, telephone numbers, and

6

1  email addresses of Doe 1"); IO Group, Inc. v. Does 1-65, No. 10-4377 SC, 2010 WL 4055667, at
2  *3 (N.D. Cal. Oct. 15, 2010) (unpublished) (granting expedited discovery in the form of "a Rule
3  45 subpoena on [third party internet service provider] seeking documents sufficient to identify
4  the names, addresses, telephone numbers, and e-mail addresses associated with the sixty-five IP
5  addresses identified in the Complaint"); UMG Recordings, Inc., 2008 WL 4104207, at *3
6  (granting expedited discovery in the form of a "Rule 45 subpoena on [third party internet service
7  provider] to seek documents revealing the name, current and permanent address, e-mail address,
8  and Media Access Control address of John Doe"); Arista Records LLC, 2007 WL 4538697, at
9  *1-2 (granting expedited discovery in the form of a Rule 45 subpoena upon third party internet
10 service provider "seeking documents that identify Defendant's true name, current and permanent
11 addresses and telephone numbers, e-mail addresses, and Media Access Control addresses").

12        In this case, plaintiff already has the name and contact information of the account
13 holder, needs nothing further from a third party internet service provider, and instead seeks to
14 orally depose the identified account holder.  During the deposition, plaintiff "intends to elicit
15 facts about Mr. Angle's involvement, if any, with the unauthorized distribution of Plaintiff's
16 video(s) via Mr. Angle's IP address; to learn about Mr. Angle's computers and network setup; to
17 assess Mr. Angle's technical savvy; and to identify any other persons who had access to Mr.
18 Angle's computer and network."  (App. for Expedited Discovery at 11.)  This goes far beyond
19 seeking to identify a Doe defendant.  Instead, it amounts to a full-on deposition during which Mr.
20 Angle, who plaintiff admits is likely not represented by counsel (Id. at 5 n.1), may unwarily
21 incriminate himself on the record before he has even been named as a defendant and served with
22 process.[5]  Accordingly, plaintiff has failed to show "good cause" warranting the requested

---

[5] Plaintiff argues that the proposed expedited discovery would minimize the burden on Mr. Angle, because the deposition would take place within 100 miles of Mr. Angle's residence, plaintiff is willing to pay his attendance fees and mileage, and he would not have to incur the costs of responding to plaintiff's complaint and bear the burden of discovery costs. (App. for Expedited Discovery at 12.) However, the court is not greatly troubled by these considerations, given that Mr.

7

expedited discovery, and plaintiff has not shown that "good cause" outweighs the likely prejudice that would result from the deposition of Mr. Angle.

The undersigned is also troubled by plaintiff's failure to substantiate certain claims made in its moving papers. For instance, in arguing that plaintiff has "exhausted all other means of discovery to identify John Doe" (App. for Expedited Discovery at 9) plaintiff represents that its counsel "sent numerous letters and made numerous telephone calls to Mr. Angle's counsel to no avail," and "[a]ll requests for informal discovery have been completely ignored." (Id. at 5 n.1; 9.) However, plaintiff's counsel did not file an accompanying declaration in support of these representations, leaving the court to accept them on faith alone.[6] Similarly, plaintiff repeatedly argues that the requested third party deposition subpoena will be "narrowly tailored to be the least intrusive" to Mr. Angle and "reasonably calculated" to lead to discovery of the infringer's true identity. (Id. at 7.) However, plaintiff did not file a copy of any draft proposed deposition subpoena to Mr. Angle, so the court is left to guess at the precise verbiage and scope that plaintiff would ultimately employ in the actual subpoena.

In sum, plaintiff has not shown that good cause exists for the early discovery requested. Assuming plaintiff has a good faith basis for its claims, plaintiff can name Mr. Angle as a defendant, serve him with process, hold the Rule 26(f) conference, and conduct any discovery necessary. Procedural vehicles exist to later add and/or dismiss defendants based on additional facts discovered, if necessary.

////

---

Angle has apparently declined to informally meet and confer with plaintiff. The significant prejudice that could result from an open-ended deposition of a potential defendant, before he has even had an opportunity to review the claims against him and obtain counsel, is of much greater concern.

[6] For example, at the second step of the four-part analysis stated in Columbia Ins. and described above, the court determined that the plaintiff had sufficiently identified "all previous steps taken to locate the elusive defendant" where plaintiff's counsel had "certified" and described various specific efforts made on that front. Columbia Ins., 185 F.R.D. at 579. In this case, however, plaintiff's counsel has not "certified" anything with respect to efforts made to locate and identify the true defendant.

8

III.     CONCLUSION

Accordingly, for the reasons discussed above, IT IS HEREBY ORDERED that plaintiff's ex parte application for leave to take expedited discovery (App. for Expedited Discovery, Dkt. No. 8) is DENIED.

IT IS SO ORDERED.

DATED: January 19, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE