IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PINK LOTUS ENTERTAINMENT, LLC,

        Plaintiff,

    v.

JOHN DOE,

        Defendant.

No. 2:11-cv-03077 JAM KJN

ORDER

        Plaintiff Pink Lotus Entertainment, LLC ("plaintiff") previously filed an ex parte application for leave to take expedited discovery on January 6, 2012. (App. for Expedited Discovery, Dkt. No. 8.) That application was denied on January 20, 2012. (Order, Dkt. No. 9.)

        Presently before the court is plaintiff's *amended* ex parte application for leave to take expedited discovery, which plaintiff filed on January 30, 2012. (Amended App. for Expedited Discovery, Dkt. No. 10.) As with its original ex parte application, plaintiff did not notice its amended ex parte application for hearing. The undersigned concludes that oral argument would not be of material assistance in resolving the amended application.

////

////

////

1

Accordingly, the application will be decided on the papers submitted.[1]

Through plaintiff's amended application for expedited discovery, plaintiff again seeks permission to serve a discovery subpoena upon a third party named Jason Angle ("Mr. Angle" or "the account holder"), who is the "account holder associated with" the Internet Protocol ("IP") address "68.107.86.6" that was allegedly used in connection with infringement upon plaintiff's copyrighted adult video entitled *Dexxxter* ("Video"). Although plaintiff alleges that Mr. Angle is the "holder" of the account allegedly used to infringe upon plaintiff's copywritten Video, plaintiff has not formally named Mr. Angle as a defendant in this action because the relationship between an account holder and infringer can be "imperfect." (Complaint, ("Compl.") ¶ 1; App. for Expedited Discovery at 9; Amended App. for Expedited Discovery at 9.) Instead, plaintiff again requests expedited discovery (in the form of deposing Mr. Angle as a third party), purportedly to obtain the identities of the defendant(s) alleged to have used Mr. Angle's account associated with IP address "68.107.86.6" to infringe on plaintiff's rights in regards to the Video. (Amended App. for Expedited Discovery at 5; App. for Expedited Discovery at 1; see also Compl. ¶¶ 1-4, 19-37.)

The undersigned has considered plaintiff's amended application and, for the reasons discussed below, the undersigned denies plaintiff's amended ex parte application to conduct limited early discovery pursuant to Federal Rule of Civil Procedure 26(d)(1).

I. BACKGROUND

On November 21, 2011, plaintiff filed a complaint for copyright infringement and civil conspiracy against John Doe, an unnamed defendant.[2] (Dkt. No. 2.) Plaintiff is a producer

---

[1] This case was referred to the undersigned pursuant to Eastern District of California Local Rule 302(c)(1) and 28 U.S.C. § 636(b)(1).

[2] The use of "Doe" defendants is generally disfavored. Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980). However, a plaintiff should be given an opportunity through discovery to identify such defendants where the identities of those defendants are not known prior to the filing of a complaint, "unless it is clear that discovery would not uncover the identities, or that the

of adult entertainment content, and is alleged to be the exclusive holder of the relevant rights with respect to the Video. (Compl. ¶¶ 3-4.) In the course of monitoring Internet-based infringement of its copyrighted content, plaintiff's agents allegedly observed unlawful reproduction and distribution of the Video occurring over a particular IP address via the Bit Torrent file transfer protocol, the mechanics of which are further described in the Complaint.[3] (Compl. ¶¶ 5, 14-18, 22-24.) According to plaintiff, it has already determined that Mr. Angle is the account holder of the IP address involved. (Amended App. for Expedited Discovery at 5.) According to plaintiff, the account holder "and his attorneys have merely ignored all of Plaintiff's counsel's attempts to meet and confer" informally regarding the identity of the infringer. (Id. at 5; 9.)

As noted above, plaintiff previously filed an ex parte application for leave to take expedited discovery (App. for Expedited Discovery, Dkt. No. 8), and that application was denied

---

complaint would be dismissed on other grounds." Id.

[3] A magistrate judge in the Northern District of California summarized the BitTorrent protocol as follows:

> In the BitTorrent vernacular, individual downloaders/distributors of a particular file are called "peers." The group of peers involved in downloading/distributing a particular file is called a "swarm." A server which stores a list of peers in a swarm is called a "tracker." A computer program that implements the BitTorrent protocol is called a BitTorrent "client."
>
> The BitTorrent protocol operates as follows. First, a user locates a small "torrent" file. This file contains information about the files to be shared and about the tracker, the computer that coordinates the file distribution. Second, the user loads the torrent file into a BitTorrent client, which automatically attempts to connect to the tracker listed in the torrent file. Third, the tracker responds with a list of peers and the BitTorrent client connects to those peers to begin downloading data from and distributing data to the other peers in the swarm. When the download is complete, the BitTorrent client continues distributing data to the peers in the swarm until the user manually disconnects from the swarm or the BitTorrent client otherwise does the same.

Diabolic Video Prods., Inc. v. Does 1-2099, No. 10-CV-5865-PSG, 2011 WL 3100404, at *1-2 (N.D. Cal. May 31, 2011) (unpublished).

3

1  on January 20, 2012.  (Order, Dkt. No. 9.)  The undersigned denied plaintiff's ex parte
2  application because plaintiff had failed to demonstrate good cause for the expedited discovery
3  plaintiff requested.  (Order at 3-7.)  The Order also separately raised the undersigned's concern
4  about plaintiff's failure to provide a signed declaration supporting the many factual allegations
5  made in the ex parte application.  (Id. at 7-8 ("The undersigned is also troubled by plaintiff's
6  failure to substantiate certain claims made in its moving papers[,]" such as counsel's efforts to
7  communicate with the account holder and counsel's representations about the scope of questions
8  to be asked should the account holder be deposed.).)

9          Now, plaintiff again asks the court to authorize service of a third party deposition
10  subpoena upon the account holder.  Plaintiff again states that, in some cases, an account holder
11  may be able to offer a credible explanation for why he or she is not the infringer and may be able
12  to identify the actual infringer, such as another household member or tenant.  (Amended App. for
13  Expedited Discovery at 5; App. for Expedited Discovery at 5.)  Plaintiff again contends that it
14  cannot proceed in the action without ascertaining the likely infringer's identity, and that Mr.
15  Angle is the only person with information that can allow plaintiff to identify the actual infringer
16  and permit service of process on that individual.  (Amended App. for Expedited Discovery at 5;
17  App. for Expedited Discovery at 5.)

18  II.    DISCUSSION

19          Plaintiff's amended ex parte application raises the same legal arguments that
20  plaintiff raised in its original ex parte application.  (Compare Amended App. for Expedited
21  Discovery with App. for Expedited Discovery (both arguing that "good cause" exists for
22  expedited discovery, and that a deposition of the account holder would be minimally burdensome
23  and reasonably calculated to lead to the discovery of the infringer's identity.)  The difference
24  between the two applications is that the factual statements within the amended application are
25  supported by a signed declaration from plaintiff's counsel.  (Declaration of Brett Gibbs ("Gibbs
26  Decl."), Dkt. No. 10-1 at 2-5.)  Attorney Gibbs attests to his firm's efforts to contact the account

holder (id. ¶¶ 2-8), as well as to his intent to depose the account holder by asking only limited questions designed to reveal the "actual infringer" and to "minimize the burden" on the account holder (id. ¶ 10-12).

While the undersigned appreciates plaintiff's renewed diligence in providing a signed declaration to substantiate the factual representations within the moving papers, the undersigned denies plaintiff's amended application. Under the same legal analyses described in the undersigned's Order of January 20, 2012, the entirety of which is incorporated by reference here, plaintiff's amended application fails to show the existence of good cause[4] warranting the use of expedited discovery. (See Order, Dkt. No. 9 at 3-7 (applying the "good cause" analysis of Semitool, Inc. v. Tokyo Electron. Am. Inc., 208 F.R.D. 273, 276 (N.D. Cal. 2002), discussing authorities, including UMG Recordings, Inc. v. Doe, No. C–08-03999 RMW, 2008 WL 4104207, at *1-3 (N.D. Cal. Sept. 4, 2008 (unpublished); Arista Records LLC v. Does 1-43, No. 07cv2357-LAB (POR), 2007 WL 4538697, at *1-2 (S.D. Cal. Dec. 20, 2007) (unpublished).) Likewise, plaintiff has not shown that "good cause" outweighs the likely prejudice[5] that would

////

////

---

[4] District courts within the Ninth Circuit have permitted expedited discovery prior to the Rule 26(f) conference upon a showing of "good cause." E.g., In re Countrywide Fin. Corp. Derivative Litig., 542 F. Supp. 2d 1160, 1179 (C.D. Cal. 2008) (citing Semitool, Inc. v. Tokyo Electron Am., Inc., 208 F.R.D. 273 (N.D. Cal. 2002)); accord Am. LegalNet, Inc. v. Davis, 673 F. Supp. 2d 1063, 1066 (C.D. Cal. 2009). "Good cause exists where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." In re Countrywide, 542 F. Supp. 2d at 1179 (citation and internal quotation marks omitted); Semitool, Inc., 208 F.R.D. at 276.

[5] As previously noted in the undersigned's Order of January 20, 2012, plaintiff considers the account holder to be a *potential defendant* who may be substituted for the "John Doe" defendant in this case rather than a more typical "third party," such as an internet service provider. (See Order at 7-8.) According to plaintiff's original ex parte application, without discovery from Mr. Angle, "Plaintiff cannot be certain if Mr. Angle is the defendant who should be named and served with process" or a mere third party witness. (App. for Expedited Discovery at 7-8.) According to plaintiff's amended application, in meeting and conferring with the account holder, plaintiff's counsel "informed [the account holder] of his potential liability" in this action. (Gibbs Decl., ¶ 5.)

5

result from deposing the account holder.[6] (See Order, Dkt. No. 9 at 6-8 (recognizing that courts have granted expedited discovery in the form of limited *document requests* to obtain the name and contact information of account holders, explaining that plaintiff already has this contact information, and explaining that plaintiff's proposed *oral deposition* of the account holder is much broader in that it seeks "facts about [the account holder's] involvement, if any, with the unauthorized distribution of Plaintiff's video(s) via [the account holder's] IP address; to learn about [the account holder's] computers and network setup; to assess [the account holder's] technical savvy; and to identify any other persons who had access to [the account holder's] computer and network" (citing App. for Expedited Discovery at 11)[7].)

The undersigned again finds that plaintiff has not shown that good cause exists for the discovery requested. In light of "the entirety of the record . . . and the reasonableness of the request in light of all the surrounding circumstances," plaintiff has failed to demonstrate the requisite good cause. See Semitool, Inc., 208 F.R.D. at 275 (citation & quotation marks omitted) (emphasis removed); Am. Legalnet, 673 F. Supp. 2d at 1067. Again, assuming plaintiff has a good faith basis for its claims, plaintiff can name the account holder as a defendant, serve him with process, hold the Rule 26(f) conference, and conduct any discovery necessary. Procedural vehicles exist to later add and/or dismiss defendants based on additional facts discovered, if necessary.

III. CONCLUSION

Accordingly, for the reasons discussed above, IT IS HEREBY ORDERED that

---

[6] While the discovery timing prescribed by Federal Rule of Civil Procedure 26(d) does not expressly focus on "prejudice" to unnamed potential defendants, the applicable "good cause" analysis nonetheless requires the undersigned to examine the "entirety" of the record and the "reasonableness of the request in light of all the surrounding circumstances." See Semitool, Inc., 208 F.R.D. at 275 (citation & quotation marks omitted) (emphasis removed); Am. Legalnet, 673 F. Supp. 2d at 1067.

[7] The declaration in support of plaintiff's amended application again describes these as areas to be covered in an oral deposition of the account holder. (Gibbs Decl. ¶ 10.)

1  plaintiff's ex parte application for leave to take expedited discovery (Amended App. for
2  Expedited Discovery, Dkt. No. 10) is DENIED.
3         IT IS SO ORDERED.
4  DATED: March 20, 2012

                                       KENDALL J. NEWMAN
                                       UNITED STATES MAGISTRATE JUDGE